GARDEN, JUDGE:
The record in this claim reveals that there are no factual disputes, the salient and operative facts being as follows: In the early part of May, 1979, the claimant was contacted by Frederic McGinnis, a right-of-way agent of respondent. Mr. McGinnis was interested in acquiring a portion of the claimant’s and her husband’s property in Chesapeake for the purpose of upgrading the West Virginia Turnpike. Upon being advised by Mrs. Williams that her husband, William Cecil Williams, was incompetent, Mr. McGinnis advised the claimant that she should consult her attorney for the purpose of instituting a summary proceeding leading to the appointment of a committee for her incompetent husband. Mr. McGinnis further *320 advised the claimant that the respondent would pay the expenses of such a proceeding, including the payment of a reasonable attorney fee, although at the hearing he admitted that he had made a mistake in imparting this information to her.
Nevertheless, acting upon the representations of Mr. McGinnis, Mrs. Williams engaged the services of Attorney Larry G. Kopelman, who, in turn, filed the necessary legal proceedings which culminated in the appointment of the claimant as committee for her husband by the County Commission of Kanawha County on August 16, 1979. As a result, undisputed expenses, including a $400.00 attorney fee, in a total amount of $647.50 were incurred.
James B. Bartlett, an attorney for respondent’s Right of Way Division, testified on behalf of the respondent. He indicated that under limited circumstances the respondent would agree to pay such expenses, that it would be only in situations where the appointment of a committee was incident to the agreed acquisition of a particular parcel of property, and that this policy had been adopted pursuant to the Federal Uniform Relocation Assistance and Real Property Acquisition Act of 1970, Public Law 91646.
While this Court is not unmindful of the fact that the State cannot be held liable under the doctrine of respondeat superior for the unlawful or illegal acts of its servants and agents, Kondos v. West Virginia Board of Regents, 318 F.Supp. 394 (1970), this Court is of the opinion that equity and good conscience mandate an award in this claim.
Award of $647.50.